**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724** <br> **16-MD-2724** |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** | **Civil Action No.** |
| *1199SEIU National Benefit Fund v. Actavis Holdco U.S., Inc.* | 19-cv-6011 |
| *César Castillo, Inc. v. Actavis Holdco U.S.* | 20-cv-0721 |
| *County of Albany v. Actavis Holdco U.S., Inc.* | 21-cv-1875 |
| *County of Westchester v. Actavis Holdco U.S., Inc.* | 21-cv-4474 |
| *CVS Pharmacy Inc. v. Actavis Elizabeth, LLC* | 20-cv-6310 |
| *J M Smith Corporation v. Actavis Holdco U.S., Inc.* | 20-cv-4370 |
| *MSP Recovery Claims, Series LLC. v. Actavis Elizabeth LLC* | 20-cv-0231 |
| *Rite Aid Corporation v. Actavis Holdco U.S., Inc.* | 20-cv-3367 |
| *Walgreen Company v. Actavis Holdco U.S. Inc.* | 20-cv-6258 |

**[PROPOSED] ORDER**

AND NOW, this ___ day of _____ 2022, upon consideration of Defendant

Defendants Hikma Labs Inc.'s (f/k/a Roxane Laboratories, Inc.) and West-Ward Columbus Inc's

(f/k/a Boehringer Ingelheim Roxane Inc.) Motion to Dismiss, and any responses thereto, it is

ORDERED that the Motion to Dismiss is GRANTED and all claims in the above-captioned

actions against Defendants Hikma Labs Inc. and West-Ward Columbus Inc are DISMISSED.

BY THE COURT:

_____
CYNTHIA M. RUFE
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724** |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** | **Civil Action No.** |
| *1199SEIU National Benefit Fund v. Actavis Holdco U.S., Inc.* | 19-cv-6011 |
| *César Castillo, Inc. v. Actavis Holdco U.S.* | 20-cv-0721 |
| *County of Albany v. Actavis Holdco U.S., Inc.* | 21-cv-1875 |
| *County of Westchester v. Actavis Holdco U.S., Inc.* | 21-cv-4474 |
| *CVS Pharmacy Inc. v. Actavis Elizabeth, LLC* | 20-cv-6310 |
| *J M Smith Corporation v. Actavis Holdco U.S., Inc.* | 20-cv-4370 |
| *MSP Recovery Claims, Series LLC. v. Actavis Elizabeth LLC* | 20-cv-0231 |
| *Rite Aid Corporation v. Actavis Holdco U.S., Inc.* | 20-cv-3367 |
| *Walgreen Company v. Actavis Holdco U.S. Inc.* | 20-cv-6258 |

**DEFENDANT HIKMA LABS, INC.'S AND
DEFENDANT WEST-WARD COLUMBUS INC'S
MOTION TO DISMISS ALL CLAIMS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), and for the reasons set

forth in the accompanying Memorandum of Law, Defendants Hikma Labs Inc. (f/k/a Roxane

Laboratories, Inc.) and West-Ward Columbus Inc (f/k/a Boehringer Ingelheim Roxane Inc.)

(collectively, "Roxane") respectfully moves this Court to dismiss all claims against Roxane in the above-captioned actions.

DATED: February 28, 2022                           Respectfully submitted,


                                                   /s/ Jan P. Levine
                                                   Jan P. Levine
                                                   Robin P. Sumner
                                                   Michael J. Hartman
                                                   PEPPER HAMILTON LLP
                                                   3000 Two Logan Square
                                                   Eighteenth & Arch Streets
                                                   Philadelphia, PA 19103-
                                                   2799 Tel. (215) 981-4000
                                                   Fax. (215) 981-4750

                                                   *Attorneys for Defendants Hikma*
                                                   *Labs, Inc. and West-Ward*
                                                   *Columbus Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724** |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** | **Civil Action No.** |
| *1199SEIU National Benefit Fund v. Actavis Holdco U.S., Inc.* | 19-cv-6011 |
| *César Castillo, Inc. v. Actavis Holdco U.S.* | 20-cv-0721 |
| *County of Albany v. Actavis Holdco U.S., Inc.* | 21-cv-1875 |
| *County of Westchester v. Actavis Holdco U.S., Inc.* | 21-cv-4474 |
| *CVS Pharmacy Inc. v. Actavis Elizabeth, LLC* | 20-cv-6310 |
| *J M Smith Corporation v. Actavis Holdco U.S., Inc.* | 20-cv-4370 |
| *MSP Recovery Claims, Series LLC. v. Actavis Elizabeth LLC* | 20-cv-0231 |
| *Rite Aid Corporation v. Actavis Holdco U.S., Inc.* | 20-cv-3367 |
| *Walgreen Company v. Actavis Holdco U.S. Inc.* | 20-cv-6258 |

# MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT ROXANE'S MOTION TO DISMISS ALL CLAIMS

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................4

*In re Generic Pharms. Pricing Litig.*, 338 F. Supp. 3d 404 (E.D. Pa. 2018)......................3

*Haygood v. Begue*, NO. 13-cv-0335, 2016 WL 1069685 (W.D. La. Mar. 16, 2016) .......................................................................................................................4

*In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300 (3d Cir. 2010)....................................4

*JSW Steel (USA) Inc. v. Nucor Corp.*, No. 4:21-CV-01842, 2022 WL 489321 (S.D. Tex. Feb. 17, 2022)..............................................................................4

*In re Mexican Gov't Bonds Antitrust Litig.*, 412 F. Supp. 3d 380 (S.D.N.Y. 2019) ..................................................................................................................6, 7

*Murray v. Cty. of Hudson*, No. 17-2875 (JMV) (MF), 2018 WL 3000333 100357 (D.N.J. June 14, 2018) ..............................................................................6

*State AG. Litig. v. Actavis Holdco U.S. (In re Generic Pharms. Pricing Litig.)*, 394 F. Supp. 3d 509 (E.D. Pa. 2019) .....................................................2, 3, 4, 7

*Superior Offshore Int'l, Inc. v. Bristow Grp.*, 738 F. Supp. 2d 505 (D. Del. 2010) ...................................................................................................................4

OTHER AUTHORITIES

Federal Rule of Civil Procedure 8 .......................................................................................6

## PRELIMINARY STATEMENT

Almost four years after filing the first complaint in this MDL, plaintiffs named Roxane[1] as a defendant for the first time on December 19, 2019.  Remarkably, that complaint contained only one specific allegation against Roxane – that it followed a price increase.[2]  Since then, Roxane has been named as a defendant in nine complaints, but none pleads any conduct with more specificity than the first, and several plead with even less.[3]  This pleading does not come close to what the law requires, despite plaintiffs having had the benefit of years of discovery against several of the defendants with whom they claim Roxane conspired.  For this reason alone,[4] the claims against Roxane stand out as exactly the type whose early dismissal the law demands, and they should be dismissed with prejudice now.

---

[1] As used in this memorandum, "Roxane" collectively refers to Defendants Hikma Labs Inc. (f/k/a Roxane Laboratories, Inc.) and West-Ward Columbus Inc (f/k/a Boehringer Ingelheim Roxane Inc.).  Although Plaintiffs' Complaints conflate Roxane and another Defendant, West-Ward Pharmaceuticals Corp. ("West-Ward"), there is absolutely no basis to do so.  Roxane and West-Ward were not affiliated at any time relevant to Plaintiffs' allegations. They became affiliated only when West-Ward's indirect parent company, Hikma Pharmaceuticals Plc, completed its acquisition of Roxane from Boehringer Ingelheim in March 2016.  *See 1199SEIU National Benefit Fund et al. v. Actavis Holdco U.S., Inc.*, No. 19-cv-6011 (E.D. Pa.), Dkt. # 61, Am. Compl. [hereafter, "EPP Complaint"] ¶ 221 n. 11 (although alleging incorrectly that *West-Ward* acquired Roxane, acknowledging that the transaction involving the acquisition of Roxane occurred in March 2016).  Accordingly, Roxane and West-Ward are referred to herein as separate entities and should be considered such for all intents and purposes.

[2] 1199SEIU National Benefit Fund et al. v. Actavis Holdco U.S., Inc., No. 19-cv-16011 (E.D. Pa.), Dkt. # 1, Compl. ¶ 677.

[3] *See* EPP Complaint; *Cesar Castillo, Inc. et al. v. Actavis Holdco U.S., Inc.*, No. 20-cv-721 (E.D. Pa.), Dkt # 62, Am. Compl. [hereafter, "DPP Complaint"]; *CVS Pharmacy, Inc. v. Actavis Elizabeth LLC et al.*, 20-cv-06310 (E.D. Pa.), Dkt. # 1, Compl. [hereafter, "CVS Complaint"]; *County of Albany et al. v. Actavis Holdco US, Inc. et al.*, No. 21-cv-01875 (E.D. Pa.), Dkt. # 19 Am. Compl. [hereafter, "County of Albany Complaint"]; *County of Westchester et al. v. Actavis Holdco US, Inc. et al.*, No. 2:21-cv-04474 (E.D. Pa.), Dkt. # 1, Compl. [hereafter, "County of Westchester Complaint"]; *MSP Recovery Claims, Series LLC et al. v. Actavis Elizabeth LLC, et al.*, No. 2:20-cv-00231 (E.D. Pa.), Dkt # 49, Am. Compl. [hereafter, "MSP Complaint"]; *J M Smith v. Actavis Holdco, U.S., Inc. et al.*, No. 20-cv-4370-CMR (E.D. Pa.), Dkt. # 1, Compl. [hereafter, "J M Smith Complaint]; *Walgreen Co. v. Actavis Holdco U.S., Inc. et al.*, No. 20-cv-6258 (E.D. Pa.), Dkt # 1, Compl. [hereafter, "Walgreen Complant"]; *Rite Aid Corp. et al. v. Actavis Holdco U.S., Inc., et al.*, No. 2:20-cv-03367 (E.D. Pa.), Dkt # 26, Am. Compl. [hereafter, "Rite Aid Complaint"].

[4] Plaintiffs' claims against Roxane are also time barred.  Roxane and other late-added Defendants have simultaneously moved for dismissal on this ground, filing a joint motion and brief for the Court's convenience.  Roxane incorporates the arguments made in that joint brief by reference.

None of the complaints pleads facts of the type this Court has required to plausibly suggest that Roxane colluded with other manufacturers. *See State AG. Litig. v. Actavis Holdco U.S. (In re Generic Pharms. Pricing Litig.)*, 394 F. Supp. 3d 509, 531-33 (E.D. Pa. 2019). No complaint pleads that any Roxane employee communicated with an employee of any other manufacturer; none pleads that Roxane was or is the subject of any government investigation or any congressional inquiry; none pleads that any Roxane employee moved from Roxane to another Defendant or vice versa and continued relationships to coordinate pricing. Indeed, four of the nine complaints do not allege specifically that Roxane participated in *any* collusive pricing activity at all.[5]

These acute deficiencies require immediate dismissal given the structure and procedures of this massive MDL. Roxane, differently situated and dragged into this litigation on the thinnest of allegations at the end of 2019, already has incurred exorbitant costs associated with discovery and extensive negotiation and motion practice relating to this MDL's progression. And as a non-Bellwether defendant, unless this Court grants this motion, Roxane will have to endure the full weight of discovery and wait years before it has the chance to challenge the sufficiency of Plaintiffs' evidence against it. Addressing now whether Plaintiffs have sufficiently stated a claim against Roxane will help streamline this MDL. Accordingly, justice and efficiency require that Roxane be afforded its day in court now and that this Court dismiss all claims against it without delay.

---

[5] *See, e.g.*, DPP Complaint (referencing Roxane/Hikma Labs only in Paragraphs 5, 93, 94, and 95, none of which concerns pharmaceutical pricing); CVS Complaint (referencing Roxane/Hikma Labs only in the introductory paragraph and Paragraph 68, which discusses Roxane's corporate ownership and affiliation).

**ARGUMENT**

**I.**   **No Complaint Contains Sufficient Allegations of Fact To Plead Plausibly Roxane's Participation in an Individual Drug or Overarching Conspiracy**

A plaintiff relying on parallel pricing as the basis of its claims must also allege sufficient "plus factors," including evidence implying a traditional conspiracy.[6]  *In re Generic Pharms. Pricing Litig.*, 394 F. Supp. 3d at 525.  Facts that might imply a traditional conspiracy include "inter-defendant communications, trade association leadership, membership, and meeting attendance, and ongoing state and federal investigations." *Id.*[7]  Specifically, this Court has found the following allegations to be of the sort necessary to plead a Defendant's participation in the overarching conspiracy Plaintiffs attempt to plead here:

- Receipt of a congressional letter inquiring about drug pricing;

- Receipt of subpoenas regarding generic drug industry practices;

- Participation in numerous trade associations,

- Leadership on trade association boards;

- Attendance at events coinciding with "key points" in specific drug sub-conspiracies;

- Employees that worked previously for other alleged conspirators, specifically a company that has admitted its role in a conspiracy;

- Specific communications between an employee of the defendant and an alleged key figure in the overarching conspiracy; and

- Specific contacts between an employee of the defendant and an individual who has entered a guilty plea in a government investigation.

---

[6] Roxane's motion seeks the dismissal of all claims against it, including all claims brought under state law.  This memorandum primarily addresses the standard to state a claim under the Sherman Act, but all of Plaintiffs' claims fail for the reasons discussed herein, namely the complete absence of sufficient allegations of fact regarding Roxane.  To the extent any Plaintiff asserts incorrectly in opposition that certain state law claims may survive even where its Complaint fails to state sufficient antitrust claim, Roxane is prepared to address such arguments fully on reply.

[7] *See also In re Generic Pharms. Pricing Litig.*, 338 F. Supp. 3d 404, 451 (E.D. Pa. 2018) (dismissing Defendant where there were no allegations it had representation on a trade association board nor that it "received a subpoena or has been specifically touched by a government investigation").

*Id.* at 532.

Of these, the only "fact" Plaintiffs plead against Roxane is employee attendance at trade association events.  Importantly, however, plaintiffs plead no connection between attendance at any trade association event and Roxane's pricing conduct with respect to any drug.  It is black letter law that trade association attendance, without additional specific allegations of fact, is insufficient to plead collusion.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 567 n.12 (2007) (dismissing outright the idea that allegations of membership in various trade associations could plausibly suggest a conspiracy); *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 349 (3d Cir. 2010) (holding allegations that defendants were members of a trade group and adopted its suggestions did not "plausibly suggest conspiracy"); *Superior Offshore Int'l, Inc. v. Bristow Grp.*, 738 F. Supp. 2d 505, 516 (D. Del. 2010) (holding allegation of "numerous opportunities to conspire at regularly convened trade-association meetings" insufficient to state a conspiracy claim, even in context of numerous other factual allegations).  Indeed, "[i]t is not sufficient to allege simply that some defendants may have 'conversed with other defendants' there must be 'factual support that those conversations were for the intent and purpose of reaching an agreement to unreasonably restrain trade.'" *JSW Steel (USA) Inc. v. Nucor Corp.*, No. 4:21-CV-01842, 2022 WL 489321, at *8 (S.D. Tex. Feb. 17, 2022) (quoting *Haygood v. Begue*, No. 13-cv-0335, 2016 WL 1069685, at *6 (W.D. La. Mar. 16, 2016)).  Thus, without more, each Complaint falls well short of this Court's interpretation of the *Twombly* pleading standard.

EPPs' operative complaint contains the most extensive allegations against Roxane. Notably, it does not include Roxane in any of its allegations underlying the purported overarching conspiracy.  Instead, it implicates Roxane in only seven of the 165 alleged drug-specific

conspiracies.[8]  In describing the contours of these seven alleged conspiracies, the complaint alleges only that Roxane raised its prices (often in the wake of a supply disruption or an exit of a competitor).  While each of the seven drug-specific conspiracies includes a boilerplate allegation that the market participants "met at trade conferences and communicated directly with each other," conspicuously absent is any allegation of any specific communication between Roxane and any competitor, or of any connection between any specific trade association meeting and any Roxane price increase.[9]  Where the Complaint does allege specific communications with respect to particular drugs at issue, the allegations do not concern Roxane.[10]

The other Complaints plead even less against Roxane.  Quite remarkably, four Complaints do not contain a single allegation relating to Roxane's pricing conduct; each references Roxane only in an introductory paragraph listing all Defendants and/or in the introductory corporate affiliations section.[11]  None make a single allegation about Roxane relating to any alleged conspiracy – overarching or drug-specific – anywhere.  The remaining four essentially copy the EPPs' style of pleading price increases along with a boilerplate, non-specific, conclusory allegation of communication and trade association meeting attendance, albeit for fewer drugs.

---

[8] *See generally* EPP Complaint.  The drugs at issue are Balsalazide Disodium, Butorphanol Tartrate, Exemestane, Fluticasone Propionate, Methadone HCL, Methotrexate, and Prednisone.  Notably, the Plaintiff States' Teva-centric Complaint alleges a drug-specific conspiracy regarding Methotrexate but *does not* name Roxane as a Defendant or allege that it was an unnamed conspirator in the Methotrexate conspiracy.  *See, e.g.*, *Connecticut, et al. v. Teva Pharmaceuticals USA, Inc. et al.*, No. 19-cv-02407 (E.D. Pa.) Dkt. # 106, Am. Compl. ¶¶ 645, 1148.

[9] *See, e.g.*, EPP Complaint ¶ 225.

[10] *See id.* ¶ 229-38 (Fluticasone), ¶ 895-902 (Methotrexate), ¶ 1224-32 (Prednisone).

[11] *See* DPP Complaint ¶¶ 5, 93-95; CVS Complaint ¶ 68; County of Albany Complaint ¶¶ 1, 122; County of Westchester Complaint ¶¶ 1, 127.  This includes all references to either Roxane, Hikma Labs Inc. or West-Ward Columbus Inc.

Three of these four complaints implicate Roxane in only a single drug-specific conspiracy regarding Prednisone.[12]

At this stage in the MDL, nothing can excuse the lack of specific allegations plausibly alleging Roxane's participation in any conspiracy concerning hundreds of drugs or even one. By the time these Plaintiffs filed their Complaints, Roxane's alleged co-conspirators had produced hundreds of thousands of documents. The absence of specific Roxane-related allegations is telling and, ultimately, fatal to Plaintiffs' claims.

## II.    Plaintiffs' Group Pleading Is Insufficient to State a Claim Against Roxane Individually

Plaintiffs cannot survive this motion to dismiss their claims against *Roxane* by pointing to broad allegations as to other Defendants or Defendants generally. "Group pleadings are generally improper because they do not satisfy the requirements of Federal Rule of Civil Procedure 8." *Murray v. Cty. of Hudson*, No. 17-2875 (JMV) (MF), 2018 WL 3000333, at *4 (D.N.J. June 15, 2018). "An antitrust complaint that fails to connect each or any individual entity to the overarching conspiracy, or, alternatively, satisfies the requirements for imputing another affiliated entity's liability cannot ordinarily survive a motion to dismiss." *In re Mexican Gov't Bonds Antitrust Litig.*, 412 F. Supp. 3d 380, 388 (S.D.N.Y. 2019) (alterations and citations omitted). While each defendant need not be accused of having engaged in all parts of an overarching conspiracy, plaintiffs at least must allege sufficiently that each defendant participated in some part of the

---

[12] MSP Complaint ¶¶ 2924-36, 2995-98, 3019-23, 3101-07; J M Smith Complaint ¶¶ 2123-28 (Prednisone only); Rite Aid Complaint ¶¶ 2137-42 (Prednisone only); Walgreen Complaint ¶¶ 2110-15 (Prednisone only). As discussed below, these Complaints at times improperly refer to West-Ward and Roxane collectively as "West-Ward," but only with respect to conduct allegedly occurring after March 2, 2016.

alleged conspiracy.[13]  *In re Generic Pharms.* 394 F. Supp. 3d at 529.  Plaintiffs have not with respect to Roxane.

To the extent Plaintiffs argue that their allegations regarding *West-Ward* should be attributed to *Roxane*, there is no basis to do so.  Plaintiffs concede West-Ward was not under common ownership with Roxane until March 2016 at the earliest, which post-dates all of West-Ward's or Roxane's alleged pricing conduct, and some Complaints expressly state that when collectively referring to West-Ward and Roxane as "West-Ward," the allegations only concern conduct *after March 2, 2016* (no Plaintiff actually makes specific allegations of any such conduct).[14]  Nevertheless, plaintiffs improperly conflate these legally distinct entities during the "relevant period."[15]  Indeed, even if West-Ward and Roxane had been affiliated during the relevant time period, which plaintiffs unequivocally concede they were not, plaintiffs cannot attribute allegations about one affiliate to another without meeting certain requirements for imputation that are lacking here.  *Cf. In re Mexican Gov't Bonds.*, 412 F. Supp. 3d at 388.

## CONCLUSION

The time to dismiss the claims against Roxane is now.  Plaintiffs brought Roxane into this litigation years too late as an afterthought.  No complaint naming Roxane as a defendant plausibly

---

[13] Although the Court denied Defendants' joint motion to dismiss certain overarching conspiracy Complaints, it has not yet ruled on several Defendants' contemporaneously filed individual motions to dismiss these Complaints. *See, e.g.*, *1999SEIU National Benefit Fund et al. v. Actavis Holdco US, Inc. et al.*, No. 18-cv-02041 (E.D. Pa.), Dkt. # 114, West-Ward Mot. to Dismiss  Accordingly, the Court has not yet ruled as to whether any of Plaintiffs' overarching conspiracy allegations are sufficient to state a claim against an individual defendant in the absence of defendant-specific allegations.

[14] *See, e.g.*, EPP Complaint, ¶ 221 n. 11; Walgreen Complaint ¶ 67 ("Hikma Labs Inc., West-Ward Pharmaceuticals Corp., and West-Ward Columbus Inc. are collectively referred to in this Complaint as 'West-Ward' for the period beginning March 2, 2016.").

[15] *See, e.g.*, MSP Complaint ¶ 99-100 ("During the relevant time period, West-Ward Columbus, Hikma Pharmaceuticals, and Hikma Labs are collectively referred to herein as 'West-Ward.'  West-Ward participated in the alleged conspiracy . . . .").

alleges that Roxane conspired with any other generic pharmaceutical manufacturer in violation of any federal or state law.  Justice and efficiency require addressing the insufficiency of those claims against Roxane now, lest it be forced to expend significant resources awaiting its day in court as a non-bellwether defendant.  Prompt dismissal of the claims against Roxane also will serve to move this MDL forward with the speed and efficiency that all parties deserve.  Accordingly, Roxane respectfully requests that this Court dismiss all claims against it in each of the above-captioned cases.

DATED: February 28, 2022

Respectfully submitted,

/s/ Jan P. Levine
Jan P. Levine
Robin P. Sumner
Michael J. Hartman
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel. (215) 981-4000
Fax. (215) 981-4750

*Attorneys for Defendants Hikma Labs, Inc. (f/k/a Roxane Laboratories, Inc.) and West-Ward Columbus Inc (f/k/a Boehringer Ingelheim Roxane Inc.*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the Court's ECF System.  Notice of this filing will be sent to all counsel of record by operation of the ECF System.

/s/ *Michael J. Hartman*      
Michael J. Hartman

Dated: February 28, 2022