**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | : | **MDL NO. 2724** **16-MD-2724** **HON. CYNTHIA M. RUFE** |
| ***CVS Pharmacy, Inc. v. Actavis Elizabeth LLC, et al.*** | : | **20-CV-6310** |
| ***County of Albany, et al. v. Actavis Holdco US, Inc., at al.*** | : | **21-CV-1875** |
| ***County of Westchester, et al. v. Actavis Holdco, US, Inc. et al.*** | : | **21-CV-4474** |
| ***Providence St. Joseph Health, et al. v. Actavis Holdco US, Inc., et al.*** | : | **23-CV-3636** |
| ***American Airlines, Inc. et al. v. Actavis Holdco, US, Inc. et al.*** | : | **24-CV-1430** |
| ***Walmart Inc. v. Actavis Elizabeth LLC, et al.*** | : | **25-CV-1383** |
| ***Southwest Airlines Co. v. Actavis Holdco, US, Inc. et al.*** **and** | : | **25-CV-2951** |
| ***AT&T Services, Inc., et al. v. Actavis Holdco US, Inc. et al.*** | : | **25-CV-6772** |
| | | **UNDER SEAL** |

**SPECIAL MASTER LAWRENCE F. STENGEL'S**
**REPORT AND RECOMMENDATION TO THE COURT RESOLVING CERTAIN PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM NISHA PATEL**

Before me are Certain Direct Action Plaintiffs' (the "Plaintiffs") Motion to Compel Production from Nisha Patel (MDL Docket Nos. 4064, 4067); Defendant Nisha Patel's opposition, which was filed on March 13, 2026 (MDL Docket No. 4131); and Plaintiffs' reply,



**FILED WITH REDACTIONS – PUBLIC VERSION**

which was filed on March 20, 2026 (MDL Docket Nos. 4159, 4161). The Court referred the Plaintiffs' motion to me on March 3, 2026. *See* MDL Docket No. 4092. Oral argument was held on April 16, 2026. Following the hearing, I asked counsel for Nisha Patel to provide a copy of the document at issue to me for my *in camera* review. I also asked counsel for Nisha Patel several follow-up questions regarding the document. Having considered the parties' submissions and having reviewed the document at issue *in camera*, the matter is ripe for adjudication.

## I. BACKGROUND AND THE DOCUMENT REQUEST AT ISSUE

This dispute relates to the production of an Excel file that contains a chronology of various events in the MDL. The parties disagree on whether the Excel chart is attorney work product or was solely prepared by Defendant Nisha Patel. If the document was prepared by counsel and would otherwise be shieled by the attorney work product privilege, the parties next dispute whether that privilege has been waived. If the privilege has not been waived, the Plaintiffs maintain that Ms. Patel should nonetheless be compelled to produce the document, because the Plaintiffs have demonstrated a substantial need and undue hardship, pursuant to Federal Rule of Civil Procedure 26. The Plaintiffs became aware of the Excel file's existence because it was mentioned/described in some of the notes/memoranda of interview that the [redacted] have produced.

## II. THE RELEVANT CASE LAW

Federal Rule of Civil Procedure 26 provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation…." Fed. R. Civ. P. 26(b)(3)(A). The party seeking protection of the work product doctrine bears the burden of establishing that it exists. *See In re Complaint of B&C Seafood LLC*, 431 F. Supp. 3d 533, 536-37

(D.N.J. 2019) ("[A] party seeking to invoke the work-product doctrine must prove at least the following two elements: (1) that a document was prepared because of reasonably anticipated litigation and (2) that the document was prepared because of the prospect of litigation and for no other purpose."); *FTC v. AbbVie, Inc.*, No. 14-CV-5151, 2015 U.S. Dist. LEXIS 166723, at *3 (E.D. Pa. Dec. 14, 2015) ("The burden to establish that a privilege applies is on the party asserting the privilege." (citing *Conoco, Inc. v. U.S. Dep't of Justice*, 687 F.2d 724, 730 (3d Cir. 1982))). Once a document is determined to be attorney work product, "the party asserting waiver of work product immunity, rather than the party asserting the work product protection, has the burden of establishing waiver." *Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, L.L.C.*, 202 F.R.D. 418, 423 (E.D. Pa. 2001) ("a party asserting work product privilege immunity is not required to prove non-waiver." (citation omitted)); *accord Utesch v. Lannett Co., Inc.*, CV 16-5932, 2020 WL 7260775, at *10 (E.D. Pa. Dec. 9, 2020); *Rudolf v. Am. Int'l Grp., Inc.*, CV 19-1468, 2021 WL 5883366, at *4 (W.D. Pa. Dec. 13, 2021); *Cooper Health Sys. v. Virtua Health, Inc.*, 259 F.R.D. 208, 215 (D.N.J. 2009) (concluding that attorney work-product protection was not waived through disclosure to third party).

Work-product protection is waived by intentional disclosure to an adversarial third party. *See In re Chevron Corp.*, 633 F.3d 153, 165 (3d Cir. 2011) ("[T]he work-product doctrine protects an attorney's work from falling into the hands of an adversary, and . . . [when] the material is disclosed in a manner inconsistent with keeping it from an adversary . . . the work-product doctrine is waived."). Waiver can also occur through disclosure to a government investigator. *See Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1429 (3d Cir. 1991) (finding waiver of work-product protection where documents were voluntarily disclosed to the DOJ).

Even in the absence of waiver, however, the protection afforded attorney work product is not absolute. There are two tiers of work product: ordinary "fact" work product and "opinion" work product. *See* Fed. R. Civ. P. Rule 26(b)(3). Non-opinion work product can be disclosed upon a showing of substantial need and undue hardship. *See* Fed. R. Civ. P. 26(b)(3).

## III. THE PARTIES' POSITIONS AND ARGUMENTS

### A. The Plaintiffs' Arguments in Support of Their Motion

Nisha Patel was [redacted] antitrust issues in the generics pharmaceutical industry. *See* Pltfs. Mot. at 3. When Ms. Patel [redacted] *Id.* [redacted]

> [redacted]

Pltfs. Mot. at 3.

Shortly after the Order was issued, Ms. Patel met with [redacted] *Id.* Based on the [redacted] *Id.* [redacted] *Id.* at 4. [redacted] *Id.*

The Excel file at issue was [redacted] *Id.* [redacted]

[redacted] *Id.* Ultimately, [redacted] *Id.* at 4-5.

Plaintiffs argue that the [redacted] (the only contemporaneous record from the moment the Excel file first surfaced) says that [redacted] Pltfs. Mot. at 6. [redacted]. According to Plaintiffs, [redacted] *Id.*[1]

Relying on the Third Circuit's decision in *Westinghouse*,[2] the Plaintiffs argue that – even if the Excel chart had been prepared by Ms. Patel's attorneys rather than Ms. Patel herself, the work product privilege was waived [redacted] *See* Pltfs. Mot. at 7. [redacted] *Id.* at 8. Accordingly, even if the Excel chart enjoyed work product protection

---

[1] *See* Pltfs. Mot. at 7, citing *Ogrod v. City of Phila.*, No. 21-CV-2499, 2023 U.S. Dist. LEXIS 119482, at *5 (E.D. Pa. July 12, 2023) ("Rule 45(d)(3)(A) provides that disclosure ***cannot be compelled*** where the subpoena (1) 'requires disclosure of privileged . . . matter, if no exception or waiver applies.'" (quoting Fed. R. Civ. P. 45(d)(3)(A))); *United States v. Hubbell*, 530 U.S. 27, 31 (2000) (observing that the defendant properly withheld privileged and protected matter when producing documents pursuant to a compulsion order). *See also* Pltfs' Mot. at 9, where Plaintiffs explain that the plain text of the Order compelled testimony but not the waiver of the work product privilege.

[2] *See Westinghouse Elec. Crop. v. Republic of Philippines.*, 951 F.2d 1414, 1429 (3d Cir. 1991) (finding waiver of work-product protection where documents were voluntarily disclosed to DOJ).



**FILED WITH REDACTIONS – PUBLIC VERSION**

when it was created, Plaintiffs maintain that [redacted] *Id.* (The Plaintiffs also note that Ms. Patel and her attorneys [redacted] did not attempt to preserve or claim that the Excel chart was attorney work product before sharing it. *See* Pltfs. Mot. at 9-10).

Lastly, the Plaintiffs argue that – even if work product privilege for the Excel chart exists and is intact, they have a substantial need for the document, which is sufficient to compel its production. *See* Pltfs. Mot. at 11-14. First, the Plaintiffs note that Nisha Patel (given her role at Teva and Teva's alleged role in the antitrust scheme) is "one of the most important witnesses in the case (if not *the* most)." *Id*. at 11. The Plaintiffs also allege that Ms. Patel has destroyed evidence of her communications with competitors and that she asserted her Fifth Amendment privilege during her initial deposition and [redacted] *Id.* at 12. The Excel chart would also be critical for impeaching Patel at trial. *Id.* at 13.

**B. Defendant Nisha Patel's Opposition to the Motion to Compel**

Nisha Patel counters the Plaintiffs' motion first by arguing that the Excel chart was created by her attorneys. Patel Opp. at 2. Ms. Patel also argues that – [redacted] *Id.* at 3. Ms. Patel also observes that neither she [redacted] *Id.* at 3-4.

Ms. Patel's attorneys also say that they prepared the Excel chart – [redacted] *Id.* at 4. Thus, the chart reflects the attorneys' thought processes regarding what facts/information to include, as informed by their litigation strategy. *Id.* at 4-5. [redacted] *Id.* at 5.

Nisha Patel next argues that [redacted] *Id.* at 6.[3] [redacted]

*Id.* at 6. Ms. Patel further argues that no cases in Plaintiffs' motion [redacted] *Id.* at 8. Simply put, Ms. Patel maintains that [redacted] *Id.* [redacted]

[3] Ms. Patel cites to numerous out-of-circuit cases for the proposition that work product protection is not waived through compelled disclosure. *See In re Oracle Sec. Litig.*, No. C-01-0988 MJJ JCS, 2005 WL 6768164, at *10 (N.D. Cal. Aug. 5, 2005) ("Because the [] Defendants only produced the [documents] under compulsion of court order, they have not expressly waived either their attorney-client or work product protection of these documents as regards Plaintiffs in the instant suit."); *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*, 125 F.R.D. 578, 587 (N.D.N.Y. 1989) ("[C]ourts have been willing to preserve the work product protection over documents in circumstances where the disclosure to a potential adversary was compelled."); *see also In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1373 (D.C. Cir. 1984) ("The distinction between voluntary disclosure and disclosure by subpoena is that the latter, being involuntary, lacks the self-interest which motivates the former. As such, there may be less reason to find waiver in circumstances of involuntary disclosure."); *accord* Rest. (Third) of Law Governing Lawyers § 79 (2000) ("A disclosure in obedience to legal compulsion … does not constitute waiver.").

[redacted] *Id.* at 9.

Lastly, Ms. Patel argues that the Plaintiffs cannot show a substantial need, because the Excel chart reflects the mental impressions, notes, and litigation strategy of her counsel. *Id.* Such materials enjoy a high level of protection. *See* Fed. R. Civ. P. 26(26(b)(3)(B) (The court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."). Ms. Patel also observes that one of the cases that the Plaintiffs cite in their motion found that impeachment is not sufficient to overcome work product protection. *See* Opp. at 11 (citing Pltfs. Mot. at 13 (citing *Inre Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979) ("we do not believe… that the desire to impeach or corroborate a witness's testimony, by itself, would ever overcome the [work product] protection afforded the interview memoranda.")). Moreover, the facts in the Excel chart have already been produced in the MDL. *See* Opp. at 11. Thus, according to Ms. Patel, the Plaintiffs are simply looking for a shortcut through the ocean of materials by using her attorneys' fact compilation . *Id.*

**C. Plaintiffs' Reply in Support of Their Motion**

Plaintiffs' reply largely echoes the arguments that they made in their motion. They argue that [redacted] should be afforded more weight than Ms. Patel's attorneys' current claims that they prepared the Excel chart. *See* Reply at 3. One noteworthy point is that Plaintiffs complain that Ms. Patel's attorneys have not even produced metadata for the Excel document, which would arguably show who authored the document. The Plaintiffs also argue that if the analysis boils down to [redacted] versus attorney

declaration, a tie should go to the Plaintiffs, because Ms. Patel has the burden of establishing that the Excel chart is work product.

The Plaintiffs next argue that Ms. Patel cannot show that production of the Excel chart to [redacted]. However, the Plaintiffs also assert that – [redacted] – the logic and holding in the Third Circuit's decision in *Westinghouse* mandates that finding a waiver of the work product privilege. *See* Reply at 8-10. Simply put, the Plaintiffs argue that Ms. Patel disclosed the Excel chart to an adversary to obtain leniency; under the logic of *Westinghouse*, that act destroyed the privilege.

## IV. ANALYSIS

As an initial matter, I find that the document at issue was most likely prepared by Nisha Patel's attorney(s), and not Nisha Patel herself. Even though [redacted] appears to say that [redacted], I credit her counsel's representation that the document was prepared by her attorneys. Also, having reviewed the document *in camera*, I find it most likely that it was prepared by Ms. Patel's attorneys. Accordingly, I find that the document is attorney work product and covered by the work product privilege.

Having found that the document is privileged, I must next determine whether the privilege has been waived. Given the Third Circuit's law on waiver of the attorney work product privilege, as set forth in *Westinghouse*,[4] and the nature of the disclosure that occurred here, I find that the attorney work product privilege has been waived. In *Westinghouse*, the Third Circuit observed that "Because the work-product doctrine serves instead to protect an attorney's work product from

[4] *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991).

falling into the hands of an adversary, a disclosure to a third party does not necessarily waive the protection of the work-product doctrine." *Westinghouse Elec. Crop. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991). Instead, "the purpose of the work-product doctrine requires us to distinguish between disclosures to adversaries and disclosures to non-adversaries." *Id.* The Third Circuit also observed that "when [a] disclosure is either inadvertent or made to a non-adversary, it is appropriate to ask whether the circumstances surrounding the disclosure evidence conscious disregard of the possibility that an adversary might obtain the protected materials." *Id.* at 1431.

In *Westinghouse,* the Third Circuit noted that Westinghouse had been the target of investigations conducted by the Department of Justice and the Securities and Exchange Commission. *Id.* Accordingly, the Third Circuit held "that Westinghouse's disclosure of work product to the SEC and to the DOJ waived the work-product doctrine as against all other adversaries." *Id.* at 1429. Westinghouse's disclosures to the SEC and to the DOJ "waived the protection of the work-product doctrine because they were not made to further the goal underlying the doctrine. When a party discloses protected materials to a government agency investigating allegations against it, it uses those materials to forestall prosecution (if the charges are unfounded) or to obtain lenient treatment (in the case of well-founded allegations). These objectives, however rational, are foreign to the objectives underlying the work-product doctrine." *Id.* at 1429.

Here, Ms. Patel was [redacted]. Thus, under the logic of *Westinghouse,* [redacted]. Also, Ms. Patel [redacted]. Even if I did not credit [redacted]

[redacted], it is still the case that Ms. Patel used the Excel file either "to forestall prosecution" or "to obtain lenient treatment" – [redacted]. The disclosure was not made to advance trial preparation. Thus, under *Westinghouse*, Ms. Patel's disclosure was not made "to further the goal underlying the [attorney work product] doctrine."

Attempting to distinguish *Westinghouse*, Ms. Patel has argued that she had an expectation that the Excel chart would be confidential because [redacted]. While *Westinghouse* does not discuss compulsion *per se*, it does discuss whether a disclosing party's expectation that material will be kept confidential affects the waiver analysis. *See id.* at 1430-31. After evaluating out-of-Circuit law on the point, the Third Circuit nevertheless determined that the nature of Westinghouse's disclosure indicated that there was no reasonable expectation of confidentiality. "[H]ad the DOJ and the SEC not been Westinghouse's adversaries, and had we concluded that Westinghouse reasonably expected the agencies to keep the material that it disclosed to them confidential, we might reach a different result. But because Westinghouse deliberately disclosed work product to two government agencies investigating allegations against it," the work-product protection was waived.[5]

---

[5] Ms. Patel places significant weight on an out-of-district opinion from the Northern District of New York. *See* Opp. at 6-7 (discussing *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*, 125 F.R.D. 578 (N.D.N.Y. 1989)). She relies on *Niagara Mohawk* for the proposition that work product privilege is not waived by a compelled disclosure. [redacted] Faced with the Third Circuit's controlling *Westinghouse* decision, I do not find the out-of-district decision in *Niagara Mohawk* sufficient to support a finding of non-waiver. Conversely, the Plaintiffs placed weight on the Supreme Court's decision in *United States v. Hubbell*, 530 U.S. 27 (2000). Plaintiffs cited to it for the proposition that the Supreme Court observed that the defendant in that case properly withheld documents for work product

While the finding of waiver resolves the motion to compel, for the benefit of the Court, I shall reach the Plaintiffs' final argument, which was substantial need under Federal Rule of Civil Procedure 26. Having reviewed the briefing, considered the parties' arguments, and evaluated the document *in camera*, I find that the document reflects a compilation of pieces of information that are otherwise available across the discovery that has been produced in the MDL. The value of the Excel file lies in the fact that it reflects the pieces of information that Ms. Patel's attorneys saw fit to capture. Certainly, the Plaintiffs would enjoy having a short-cut through the discovery and a map to the key information, as identified by Ms. Patel's counsel. However, the underlying facts and data are otherwise available to the Plaintiffs. The document at issue is not the only source of the information; it is Plaintiffs' preferred source, having been curated by defense counsel. Accordingly, I find that the Plaintiffs have shown a substantial preference, but not a substantial need, for the document at issue.

I note that the Excel file at issue has been a living document, which has been updated and revised [redacted]. I have not heard compelling reasons why subsequent attorney work product that was added to the Excel file [redacted] should also be subject to waiver. Accordingly, I limit my recommendation to the version of the Excel file that most closely resembles the version that was provided [redacted] but which does not include subsequent updates and additions by Ms. Patel's counsel.

---

privilege in response to a GJ subpoena and related compulsion order. *See* Mot. at 7). However, the *Hubbell* case was not about the propriety of withholding privileged documents (or of asserting work product privilege) in response to a compulsion order. The case related to Fifth Amendment immunity and derivative use immunity in a subsequent prosecution. Accordingly, I do not find that *Hubbell* controls here.

## V. CONCLUSION

Therefore, for the reasons outlined above, I recommend that the Court grant the Plaintiffs' motion to compel production by Nisha Patel, based on a finding of waiver.

Respectfully submitted,

Date: July 10, 2026

*/s/ Lawrence F. Stengel*

Hon. Lawrence F. Stengel (Ret.)
*Court Appointed Special Master*
SAXTON & STUMP, LLC
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
(717) 556-1080
lfs@saxtonstump.com